NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000707
17-MAY-2017
09:13 AM

NO. CAAP-15-0000707

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CITIMORTGAGE INC.,
Plaintiff-Appellee,
v.
DIANE ELIZABETH MATHER-GEMELLI A.K.A. DIANE ELIZABETH MATHER,
Defendant-Appellant,
and
BRENTWOOD ASSOCIATES, LLC; KAREN MARY SCHAEFER,
Defendants-Appellees
and
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1218)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Diane E. Mather (**Mather**) appeals
*pro se* from the October 12, 2015 "Findings of Fact and
Conclusions of Law; Order Granting Plaintiff's Motion for Summary
Judgment and for Interlocutory Decree of Foreclosure Filed July
31, 2015", and "Judgment" entered by the Circuit Court of the
First Circuit (**circuit court**)[1] in which the circuit court granted
summary judgment and a decree of foreclosure in favor of
Plaintiff-Appellee CitiMortgage, Inc. (**CitiMortgage**).

On appeal, Mather seems to primarily contend that the

---

[1] The Honorable Gary W.B. Chang presided.

circuit court erred in granting summary judgment because a genuine issue of material fact remained as to whether CitiMortgage was in possession of the original promissory note at the commencement of and throughout the foreclosure proceeding, and therefore lacked standing to foreclose on the subject mortgage.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Mather's appeal is without merit.

The Hawai'i Supreme Court recently discussed the standing requirements for foreclosing parties, holding that:

> In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclose under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with. See 55 Am. Jur. 2d Mortgages § 575 (Nov. 2016 Update). This typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551,654 P.2d 1370, 1375 (1982) (citing 55 Am. Jur. 2d Mortgages § 554 (1971)). A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage.

Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367, 390 P.3d 1248, 1254 (2017) (further citations omitted).

In addition, a party seeking to foreclose on a property must submit an attorney affirmation in compliance with Hawai'i Revised Statutes (HRS) § 667-17 (2016), which provides:

> Any attorney who files on behalf of a mortgagee seeking to foreclose on a residential property under this part shall sign and submit an affirmation that the attorney has verified the accuracy of the documents submitted, under penalty of perjury and subject to applicable rules of professional conduct. The affirmation shall be filed with the court at the time that the action is commenced . . . .

HRS § 490:3-301 (2008) provides that "the holder of the instrument" is entitled to enforce the instrument. HRS § 490:1-201 (2008) defines a "[h]older" as the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." HRS § 490:3-201 (2008) further provides:

(a) "Negotiation" means a <u>transfer of possession</u>, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its <u>holder</u>.

(b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires <u>transfer of possession of the instrument</u> and its <u>indorsement by the holder</u>. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

(Emphasis added.)

Here, the "Initial Interest[SM] Adjustable Rate Note" (**Note**) and "Allonge to Note" (**Allonge**) were attached to CitiMortgage's Complaint to Foreclose Mortgage (**Complaint**)[2]. The Note was originally made payable to ABN AMRO Mortgage Group, Inc. (**ABN**). Therefore, in order for ABN to negotiate the Note in favor of CitiMortgage, it was required that: (1) possession of the original Note be transferred to CitiMortgage; and (2) the Note be indorsed specially[3] to CitiMortgage. Here, it appears that ABN properly negotiated the Note by specially indorsing the Allonge in favor of CitiMortgage.

The Complaint stated that CitiMortgage "is the current entity entitled to enforce the terms of the <u>Note</u> by virtue of an <u>Allonge to Note</u> attached to the <u>Note</u>" and that a "true and correct copy of the <u>Note</u>, with all personal and confidential information redacted, is attached as Exhibit '5' and incorporated by reference herein." Counsel for CitiMortgage concurrently filed an "Attorney Affirmation" affirming that counsel had verified the accuracy of the documents. In addition, Jeanine Cohoon, Business Operations Analyst of CitiMortgage, (**Cohoon**) declared in writing, under penalty of perjury, that CitiMortgage "is also the owner of the Note" and that a "true and correct copy of the Note is attached hereto as Exhibit 1, along with a duly executed Allonge to Note with an indorsement to CitiMortgage, Inc." We find that a copy of the specially indorsed Note payable to CitiMortgage attached to the Complaint, combined with Cohoon's

---

[2]    Although <u>Reyes-Toledo</u> is distinguishable from this case in that the Note at issue in <u>Reyes-Toledo</u> was indorsed in blank and attached to the Summary Judgment Motion rather than a specially indorsed Note attached to the Complaint, we find the application of the case appropriate for purposes of standing.

[3]    A special indorsement occurs if the indorsement is made by the holder of an instrument and the indorsement identifies a person to whom it makes the instrument payable. HRS § 490:3-205(a) (2008).

authentication of the Note and the submission of an attorney affirmation sufficient to establish that CitiMortgage was the "holder" of the Note at the commencement of the foreclosure action.

Through (1) the submission of the foregoing documents, (2) copies of the mortgage and assignment, (3) the Declaration of Karyn A. Doi, filed February 25, 2015 with a letter notifying Mather of her default attached, and (4) the exhibits and declarations submitted in support of the Complaint and Motion for Summary Judgment, CitiMortgage established: (1) the existence and execution by Mather of the subject note and mortgage; (2) the terms of the note and mortgage; (3) default on the payments due under the terms of the note and mortgage; (4) notice of default; and (5) CitiMortgage's entitlement to enforce the Note at the commencement of the proceedings. See Reyes-Toledo, 139 Hawaiʻi at 367, 390 P.3d at 1254 (2017). Therefore, there is no genuine issue of material fact that CitiMortgage established its entitlement and standing to foreclose in this case.

Mather's other assertions related to CitiMortgage's failure to prove its possession of the "original" Note are without merit. Evidence in the record clearly establishes that the circuit court did not err in finding that CitiMortgage was the holder of the original Note.

Mather also contends that the circuit court erred in granting CitiMortgage's Motion for Summary Judgment because Cohoon's "Declaration in Support of Plaintiff's Motion for Summary Judgment" (**Cohoon Declaration**) failed to comply with Rule 56(e) of the Hawaiʻi Rules of Civil Procedure (HRCP)[4]. The Rules

---

[4]     HRCP 56(e) provides:

**(e) Form of affidavits; further testimony; defense required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided

of the Circuit Courts of the State of Hawaiʻi (RCCH) Rule 7(g) allows for an unsworn declaration in lieu of an affidavit if the declarant declares under the penalty of law that the statements found within the declaration are "true and correct." The Cohoon Declaration was in compliance with RCCH Rule 7(g) and therefore, Mather's argument is without merit. See U.S. Bank N.A. v. Mattos, 137 Hawaiʻi 209, 212, 367 P.3d 703, 706 (App. 2016).

Additionally, Mather asserts that Cohoon is not an authenticating witness and therefore, the Cohoon Declaration did not authenticate any of the documents referenced as exhibits in the declaration. "The Hawaiʻi Supreme Court has held that a 'qualified witness' can authenticate a document as a record of regularly conducted activity pursuant to [Hawaiʻi Rules of Evidence (HRE)] Rule 803(b)(6) . . . ."[5] Mattos, 137 Hawaiʻi at 213, 367 P.3d at 707 (citing State v. Fitzwater, 122 Hawaiʻi 354, 366, 227 P.3d 520, 532 (2010), as amended Apr. 5, 2010).

The Cohoon Declaration stated that Cohoon is an employee of CitiMortgage. The Cohoon Declaration further stated that Cohoon, as custodian of the records referenced, has access and is familiar with CitiMortgage's books and records regarding Mather's loan and that Cohoon is familiar with the manner in which CitiMortgage maintains its books and records. Moreover, the Cohoon Declaration indicated that CitiMortgage's documents, which Cohoon referred to in preparing her declaration, were records

---

in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

[5] HRE Rule 803(b)(6) provides:
**Rule 803 Hearsay exceptions; availability of declarant immaterial.**

. . .

(b)     Other exceptions.

. . .

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

"made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded." Cohoon further declared that CitiMortgage "maintains and relies on these business records in the ordinary course of its mortgage loan servicing business" and confirms that "prior records for [Mather's loan] received from the Prior Servicer(s)/Lender(s) are accurate and have been incorporated into" CitiMortgage's business records for Mather's loan. Accordingly, the Cohoon Declaration established that CitiMortgage relies on the documents related to Mather's loan and the documents constituted "records of regularly conducted activity" that were admissible as a hearsay exception, pursuant to HRE Rule 803(b)(6). Therefore, the circuit court did not err in relying upon the documents when it granted summary judgment in favor of CitiMortgage. See Mattos, 137 Hawai'i at 213, 367 P.3d at 707.

Accordingly, the circuit court's October 12, 2015 "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed July 31, 2015" and "Judgment" are affirmed.

All other pending motions are denied.

DATED: Honolulu, Hawai'i, May 17, 2017

On the briefs:

Diane E. Mather, Pro Se
Defendant-Appellant.

David B. Rosen,
David E. McAllister and
Justin S. Moyer
(Aldridge Pite, LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge